MICHAEL F. DONNER (SBN 155944)
ANTHONY J. DUTRA (SBN 277706)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:     (415) 541-9366
mdonner@hansonbridgett.com
adutra@hansonbridgett.com

Attorneys for Defendant
ALLAN & ASSOCIATES LIMITED,
a Hong Kong private limited company

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | [Removed from Santa Clara County Superior Court Case No. 19CV358715] |
| ALLAN & ASSOCIATES LIMITED, A2 GLOBAL RISK LIMITED, BRADLEY JAMES ALLAN, and DOES 1-100, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

**DISTRICT OF CALIFORNIA AND TO PLAINTIFF APPLE, INC. AND ITS COUNSEL OF**

**RECORD:**

**PLEASE TAKE NOTICE** that Defendant Allan & Associates Limited, a Hong Kong

private limited company ("Defendant"), respectfully request the removal of that certain

state court action pending in the California Superior Court for Santa Clara County

entitled, *Apple, Inc. v. Allan & Associates Limited, et al.*, Case No. 19CV358715, to the

United States District Court for the Northern District of California pursuant to 28 U.S.C.

Sections 1332, 1441 and 1446.  In support of this Notice of Removal, Defendant avers the following:

**I.      JURISDICTION**

1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. Section 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(b), because (a) of diversity of citizenship between Plaintiff and all named Defendants, (b) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and (c) none of the Defendants are citizens of the State of California.

2.      Plaintiff alleges in its Complaint that it is a citizen of the State of California and that all named Defendants are citizens of Hong, Kong, China. (*See* Complaint, attached hereto as Exhibit C, ¶¶ 6-9.)  Hence, there is diversity of jurisdiction between all parties.

3.      Plaintiff alleges in its Complaint that it suffered "damages totaling millions of dollars in an exact amount to be established at trial." (*See* Complaint ¶ 43.) Hence, the $75,000 amount in controversy requirement has been met.

**II.     VENUE AND INTRA-DISTRICT ASSIGNMENT**

1.      Venue is proper in the Northern District of California under 28 U.S.C. Sections 1441(a) and 1446(a) because this is the District within which the state court action is pending.

2.      Assignment to the San Jose Division of the United States District Court for the Northern District of California is proper under 28 U.S.C. Section 1441(a) and Local Rule 3-2(c) because the state court action was filed and is pending in the Santa Clara County Superior Court and Plaintiff alleges in its Complaint that a substantial part of the events or omissions which give rise to the claim occurred in Santa Clara County and that Plaintiffs' claims concern an agreement between Plaintiff and Defendant in which they chose Santa Clara County as the exclusive venue. (*See* Complaint ¶¶ 6, 13, 27.)

///

### III.    COMPLIANCE WITH REMOVAL PROCEDURE

1.    In accordance with 28 U.S.C. Section 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendant in the state court action are attached hereto. (*See* Exhibits A-F.)[1]

2.    Defendant's Notice of Removal is timely pursuant to 28 U.S.C. Section 1446(b) because Defendant was served with the Complaint on December 10, 2019 as reflected on the Service of Process Transmittal that is attached hereto as Exhibit F, and was provided with a copy of the Complaint on December 10, 2019.

3.    All other Defendants who remain parties in this action and have been served with the Complaint consent to this Notice of Removal, while at the same time objecting that neither this Court nor any court for the State of California has jurisdiction over those Defendants. The undersigned counsel avers that all named Defendants who have been served as of this filing consent to removal of this action. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient [for removal]").

4.    Defendant will simultaneously serve this Notice of Removal on the parties and their counsel of record, and will promptly file it with the Clerk of the California Superior Court for Santa Clara County.

///
///
///
///
///

---

[1]  The copy of the Complaint accompanying this Notice is redacted because, on December 9, 2019, Plaintiff filed a Motion to Seal the Complaint (which is set for hearing by the Santa Clara County Superior Court on February 6, 2020). (*See* Exhibit E.) Although the Motion has not been granted, the Complaint has been conditionally sealed pending the Motion's hearing.

16117989.2

1     **WHEREFORE**, based on the foregoing, good cause exists for removal and

2  Defendant hereby requests removal of this action from the California Superior Court for

3  Santa Clara County to the United States District Court for the Northern District of

4  California.

5  DATED:  December 23, 2019                HANSON BRIDGETT LLP

6                                           By: /s/ Michael F. Donner

7                                           MICHAEL F. DONNER
                                            ANTHONY J. DUTRA
8                                           Attorneys for Defendant
                                            ALLAN & ASSOCIATES LIMITED,
9                                           a Hong Kong private limited company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16117989.2

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Melanie M. Blunschi (Bar No. 234264)<br>Latham & Watkins LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>TELEPHONE NO.: 415.391.0600    FAX NO.: 415.395.8095<br>ATTORNEY FOR (Name): Plaintiff Apple Inc. | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 11/15/2019 7:13 PM<br>Reviewed By: Yuet Lai<br>Case #19CV358715<br>Envelope: 3659502** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 N. 1st Street
MAILING ADDRESS: 191 N. 1st Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Apple Inc. v. Allan & Associates Limited, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 19CV358715 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 1
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases.

Date: 11/15/2019

Melanie M. Blunschi
_____
(TYPE OR PRINT NAME)                    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: _19CV358715_

---

| **PLEASE READ THIS ENTIRE FORM** |
|---|

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint,* using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

| | |
|---|---|
| Your Case Management Judge is: Kirwan, Peter | Department: 19 |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) | |
| Date: 3/10/2020 Time: 3:00pm in Department: 19 | |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) | |
| Date: _____ Time: _____ in Department: _____ | |

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Allan & Associates Limited, Bradley James Allan, A2 Global Risk Limited, and Does 1-100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Apple Inc.

| FOR COURT USE ONLY |
|---|
| *(PARA USO DE LA CORTE)* |
| E-Filed |
| 11/15/2019 7:13 PM |
| Clerk of Court |
| Superior Court of CA, |
| County of Santa Clara |
| 19CV358715 |
| Reviewed By: Yuet Lai |
| Envelope: 3659502 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | 19CV358715 |
| Superior Court of California, County of Santa Clara | |
| 191 N. First Street, San Jose, CA 95113 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Melanie M. Blunschi, Latham & Watkins LLP, 505 Montgomery St., Ste, 2000, San Francisco, CA 94111, (415) 391-0600

| DATE: *(Fecha)* 11/15/2019 7:13 PM | Clerk of Court | Clerk, by *(Secretario)* Yuet Lai | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

 under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
 ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
 ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
 ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courts.ca.gov* |
| SUM-100 [Rev July 1, 2009] | | |

# EXHIBIT C

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM & WATKINS LLP
  Melanie M. Blunschi (Bar No. 234264)
  Elizabeth C. Gettinger (Bar No. 307683)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
*melanie.blunschi@lw.com*
*elizabeth.gettinger@lw.com*

*Attorneys for Plaintiff Apple Inc.*

E-FILED
11/15/2019 7:13 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV358715
Reviewed By: Yuet Lai

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA – UNLIMITED JURISDICTION

APPLE INC.,

Plaintiff,

v.

ALLAN & ASSOCIATES LIMITED, A2
GLOBAL RISK LIMITED, BRADLEY
JAMES ALLAN, and DOES 1-100,
inclusive,

Defendants.

CASE NO.  19CV358715

**COMPLAINT FOR:**

**1. BREACH OF CONTRACT.**

**DEMAND FOR JURY TRIAL**

**Public-Redacts Materials from Conditionally Sealed**

**Record**

Plaintiff Apple Inc. ("Apple") states as follows in its Complaint against Defendants Allan & Associates Limited ("Allan & Associates"), A2 Global Risk Limited ("A2 Global Risk"), Bradley James Allan, and Does 1-100, inclusive, and their agents and assigns (collectively, "A&A"):

## INTRODUCTION

1.      Defendant A&A had a discrete but important role in Apple's innovative electronics recycling program: as Apple's security consultant, it was A&A's job to watch the destruction of electronics to ensure that Apple's recycling vendor actually destroyed the electronics that had been provided to be recycled.  But A&A did not do that.  Instead of confirming that iPhones and other electronics were destroyed, A&A ignored the recycling vendor yet continued to collect money from Apple as though it were performing as required.  As a direct result of A&A's failures, the recycling vendor was able to steal Apple products that should have been recycled and resell them on the secondary market, causing substantial damage to Apple.

2.      Apple designs, markets, and sells computers, tablets, and phones to consumers all over the world.  Demand for consumer electronics—including personal electronic devices in particular—has grown exponentially in the past decades.  To combat the flow of electronics into the world's landfills, Apple established an environmentally friendly recycling program whereby customers can trade in or turn over their used devices to Apple, and Apple will arrange for their destruction and recycling—at no charge to the consumer.

3.      Since Apple is recognized as a global leader in consumer technology innovations, its parts are quite valuable and highly sought-after.  That is why Apple hired security vendor A&A to oversee and secure the recycling process.  Accordingly, the fundamental purpose of Apple's contract with A&A here was that A&A would witness *in-person* the destruction of Apple's devices to ensure that every component or device that Apple sent to its recycling vendor would indeed be destroyed, beyond use, and recycled in a manner that yields the highest reusable commodity-grade materials.  Throughout the term of its services agreement with Apple, A&A certified in writing that A&A employees had audited the destruction of Apple's parts and

1   devices.  Apple did not suspect that A&A was falsifying the certifications and misleading Apple

2   about A&A's fulfilment of its duties.

3           4.      However, in late 2015, Apple discovered that a recycling company's employees

4   had been stealing Apple devices and parts.  Further investigation revealed that, despite A&A's

5   assurances, A&A *never* actually witnessed destruction of Apple's materials.  The recycling

6   vendor's employees were able to steal Apple's parts and replace them with other scrap material

7   while A&A's auditors were absent.  A&A employees only visited the recycling company's

8   facilities after the destruction process purportedly was complete ████████████████████

9   ████████████████████

10          5.      A&A failed to perform its most basic duties under its services agreement with

11  Apple, affirmatively misled Apple about A&A's performance, and unquestionably caused Apple

12  substantial damage.  By this Complaint, Apple seeks to hold A&A accountable for its actions.

## PARTIES & VENUE

14          6.      Plaintiff Apple is a corporation organized and existing under the laws of

15  California with its principal place of business at One Apple Park Way, Cupertino, California

16  95014.

17          7.      Defendant Mr. Allan is an individual doing business in Hong Kong, China.  Mr.

18  Allan is the founder and sole shareholder and director of both Allan & Associates and A2 Global

19  Risk.  Apple is informed and believes that Mr. Allan resides in Hong Kong, China.

20          8.      Defendant Allan & Associates is a security and crisis management consulting

21  company organized, located, and headquartered in Hong Kong, China.  Its principal place of

22  business is Room 1906, 19/F, Lee Garden One, 33 Hysan Avenue, Causeway Bay, Hong Kong.

23  During the relevant time period, Allan & Associates also conducted business under the name

24  Allan & Associates Inc.

25          9.      Defendant A2 Global Risk is a security risk management consulting company

26  headquartered in Hong Kong, China.  Its principal place of business is Suite 2004, 20/F., Tower

27  5, China Hong Kong City, 33 Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong.  Mr. Allan

28  incorporated A2 Global Risk on September 13, 2018.

10.     Apple is informed and believes A2 Global Risk and Allan & Associates are the same company.  In April 2016, Allan & Associates listed A2 Global Risk as a "service" on Allan & Associates' website.  On August 8, 2018, Mr. Allan indicated the companies were one and the same by referring to "Allan & Associates / A2 Global Risk" as a single company in a post published to his LinkedIn profile.  Until recently, the Allan & Associates website, www.allan-assoc.com, redirected visitors to the A2 Global Risk website, www.a2globalrisk.com.  Upon information and belief, Allan & Associates and A2 Global Risk have all or substantially the same employees, and the companies conduct the same business.  A2 Global Risk is thus the same company as Allan & Associates and is liable for the debts of Allan & Associates.

11.     Apple is unaware of the true names and capacities of defendants sued herein as Does 1-100, inclusive, and therefore sues these defendants under such fictitious names.  Apple alleges that each of these fictitiously named defendants is in some way responsible for the acts alleged herein.  Apple will amend this Complaint to allege the true names and capacities of these fictitiously named defendants, whether individual, corporate, or otherwise, once Apple has ascertained that information.

12.     Each defendant is and was the agent and/or alter ego of each other defendant, or is otherwise responsible for the acts hereinafter alleged.  The actions of each defendant, as alleged herein, were duly ratified by each other defendant, with each defendant acting as the agent of the other and within the scope, course, and authority of the agency.

13.     Venue is proper in this Court because the operative Services Agreement provides that "[a]ny action or proceeding between the parties relating to th[e] Agreement shall take place in Santa Clara County, California."  Venue is also proper in this Court pursuant to California Code of Civil Procedure § 395 because no defendant resides in the United States, and Apple's principal place of business is in Santa Clara County, California.

## BACKGROUND

**A.      Apple's Industry-Leading Recycling Program**

14.     Electronic Waste ("E-Waste") is the term for discarded electronics and appliances, which typically includes computers, televisions, cell phones, and other electronic

3

1   systems.  With increasing technological advances, the world's population has steadily increased

2   its output of E-Waste, reaching more than 49 million metric tons of E-Waste in 2018 alone.

3        15.      Responding to the growing need for environmentally friendly recycling practices,

4   Apple recycles electronic scrap material that may not perform to Apple's standards.  This

5   program is part of Apple's goal of eliminating waste sent to landfills from its manufacturing

6   facilities, retail stores, corporate offices, and data centers, and recycling materials in a manner

7   that yields the highest usable commodity-grade materials.

8        16.      Apple also established a recycling program that allows customers to trade in any

9   Apple device, including batteries, which is then recycled through environmentally responsible

10  processes at no charge to the customer.

11       17.      As part of the recycling program, Apple instructs customers on how to erase their

12  data to ensure all personal information is removed from the device, and then sends devices and

13  components to be recycled in facilities located around the world.

14  **B.      The Services Agreement Between Apple and A&A Required A&A to Witness and
            Oversee the Destruction Process**

15

16       18.      Apple hired A&A to oversee the recycling process undertaken by a specialized

17  recycling company (the "Recycling Company") and enforce certain security measures.  Apple

18  and A&A entered into Services Agreement number CP20121121 (the "Services Agreements")

19  on March 1, 2012.  As A&A's Director, Mr. Allan signed the Services Agreement.

20       19.      The Services Agreement required A&A to: ███████████████

21  ████████████████████████████████████████████████

22  █████████████████████████  The Services Agreement defined each task as

23  follows:



COMPLAINT & DEMAND
FOR JURY TRIAL



20.     Under the Services Agreement's Warranty provision, A&A represented and warranted that:

21.     In sum, the central purpose of the Services Agreement entered into by Apple and A&A was that A&A employees would witness in-person—and A&A would verify in writing that its employees had witnessed—the destruction of Apple materials.  A&A represented that it would undertake all such work in a professional and workmanlike manner.

22.     The Services Agreement also provides for the safeguarding and nondisclosure of Apple's products.  The Services Agreement defined "Apple Confidential Information" to include

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT & DEMAND
FOR JURY TRIAL

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Services Agreement placed certain

2 confidentiality obligations on A&A as follows:

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5      23.     Thus, the Services Agreement's confidentiality obligations required A&A to ▮

6 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7 ▮▮▮▮▮▮▮▮▮▮

8      24.     The Limitation of Liability provision in the Services Agreement provides an

9 exception to its limitations in the event of A&A's breach of its confidentiality obligations.

10      25.     Apple has strict security measures in place that A&A was required to follow to

11 secure and oversee the recycling process—including ▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮▮▮▮▮▮▮▮▮▮▮ The Services Agreement also required

14 A&A to be on-site to witness the destruction of Apple parts and products.  A&A submitted

15 signed certifications confirming that it had complied with all security measures required by the

16 Services Agreement.

17      26.     Apple began sending materials slated for recycling to the Recycling Company in

18 September 2013.  For the next two years, A&A sent Apple regular "On-Site Destruction

19 Reports," certifying that it was witnessing and overseeing the Recycling Company's work and

20 confirming that A&A was enforcing Apple's strict security measures as set forth in the Services

21 Agreement.  The On-Site Destruction Reports specifically stated that "Allan & Associates have

22 audited the destruction of [specific shipments] in order to obtain adequate assurance regarding

23 the undertaken procedures and conditions" and noted the number of pallets of Apple parts that

24 had been "destroyed beyond use by the" Recycling Company personnel.

25      27.     From September 2013 through 2016, A&A also submitted monthly invoices to

26 Apple for work allegedly performed under the Services Agreement.  Apple paid each invoice.

27      28.     The parties amended the Services Agreement in February 2013, February 2015,

28 and January 2016, to extend the termination date through January 31, 2017.  The amendments

1    made no other changes to the Services Agreement.  Mr. Allan signed each amendment.

2    **C.    Defendants Breached the Services Agreement and Submitted Fraudulent Written**
     **Confirmation That A&A Witnessed the Recycling Process**
3

4        29.    In late 2015, Apple discovered that Recycling Company employees had been

5    stealing Apple parts and finished devices, including large quantities of main logic boards.  Main

6    logic boards are an integral (and the most expensive) part of a finished device.  Without the main

7    logic board, a phone will not run iOS, the operating system that allows an iPhone to work.  In

8    other words, main logic boards are valuable parts of Apple's iPhones.  They are highly sought

9    after and sold on the secondary market.

10       30.    At the end of 2015, members of Apple's audit compliance and global security

11   team visited the Recycling Company's ████████ recycling facility to investigate anomalies

12   observed in Apple's data analysis.  Apple's investigation revealed the Recycling Company

13   employees were able to circumvent Apple's security measures because A&A did not witness the

14   destruction process.  In other words, the security company Apple hired—and paid—to oversee

15   and secure the recycling process did not do the work Apple hired it to perform.  The

16   investigation showed that A&A failed to perform its obligations under the Services Agreement.

17       31.    Apple's investigation revealed that the dozens of A&A employees who were on

18   site at the Recycling Center facilities would ████████████████████████████████

19   ███████████████████████████████.  However, rather than watching the recycling process

20   to confirm Apple's materials were destroyed, A&A's employees would leave, allowing the

21   Recycling Company's employees to steal parts.  Afterward, the Recycling Company's

22   employees ███████████████████████████████████████████████████

23   ███████████████████████████.  A&A's employees would return t███████████████

24   ███████████████████ certify the destruction.

25       32.    The Recycling Company hired an independent company to conduct an

26   independent investigation into the theft.  That company's findings confirmed that A&A

27   employees did not oversee the entire recycling process.

28       33.    Mr. Allan was present at the facility during Apple's investigation.  After

                                            7

1   conducting his own internal investigation and discussions with his staff, Mr. Allan acknowledged

2   that his employees had not witnessed the recycling process at the Recycling Company's

3   ███████ facility and admitted that A&A did not do their job.

4          34.     Furthermore, Apple's audit compliance and global security team spoke with other

5   A&A employees, including Nuqman Hadi (a supervisor based in ███████), Tracy Wang (a

6   manager based in Hong Kong), and Yi Hong (an auditor based in ███████). All of these

7   employees admitted to Apple's audit compliance and global security team that no one from A&A

8   had witnessed the recycling process or otherwise enforced Apple's security measures.

9   Specifically, Mr. Hadi and Mr. Hong confirmed that A&A's ███████████████

10  ███████████████████████ and did not witness the destruction process. Ms.

11  Wang stated that she understood A&A auditors were required to witness the entire process—

12  including the mechanical destruction of Apple materials—and confirmed that was the procedure

13  other A&A auditors followed at other recycling sites located in Hong Kong and China. She

14  further concluded that A&A's ███████ auditors did not witness the destruction process and

15  could not explain why. Apple's audit compliance and global security team additionally received

16  confirmation from the Recycling Company that no one from A&A had ever witnessed the

17  recycling process.

18         35.     Video footage and photographs from the Recycling Company show that A&A did

19  not remain in its facilities to watch the destruction process. Recycling Company employees

20  further confirmed that no one from A&A had ever witnessed the recycling process or enforced

21  security measures at their facilities.

22         36.     Finally, A&A provided a report to Apple in which it confirmed that employees

23  had deviated from the process set out in the Services Agreement. The report revealed various

24  operational weaknesses that may have further contributed to the theft of Apple's materials.

25  A&A admitted in the report:

26  ████████████████████████████████

27  ████████████████████████████████

28  ████████████████████████████████.

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
SAN FRANCISCO

37.     As confirmed in the videos and interviews conducted, ███████████

██████████████████████████████████████████████████████████████

█████████████████ They did not witness the scrapping of the parts as required.

38.     Even though A&A and Mr. Allan knew no A&A employees were present at the Recycling Company facilities during the destruction, they knowingly sent falsified reports, certifications, and invoices to Apple affirmatively representing that A&A was doing the job Apple hired it to do and that it was performing it in accordance with the terms of the Services Agreement.

39.     Apple believed Mr. Allan and A&A's representations were true and justifiably relied upon them in paying A&A's invoices and in extending the term of the Services Agreement in each Amendment. Apple would not have paid A&A's invoices or extended the term of the Services Agreement had it known Mr. Allan and A&A's representations and certifications were false.

40.     Mr. Allan designed and knowingly participated in the scheme to cause A&A to materially breach the Services Agreement. Mr. Allan executed the Services Agreement on behalf of A&A as A&A's Director. Mr. Allan then knowingly failed to send A&A employees to the Recycling Company's facilities to oversee the destruction of Apple's material. Mr. Allan also oversaw the creation of false records and submission of them to Apple with the intent that Apple rely upon them and continue to pay A&A for invoices Mr. Allan submitted to Apple.

41.     As the sole director, shareholder and founder of A&A, Mr. Allan had sole control over the company, including direct control over whether A&A employees were sent to the Recycling Company's facilities. As the sole shareholder, director and founder of A&A, Mr. Allan personally benefitted from and directly participated in the fraudulent scheme and is liable to Apple for all associated damages. If these acts are treated as those of A&A alone, it would sanction Mr. Allan's fraud and promote injustice by allowing Mr. Allan to escape personal liability for debts owed to Apple.

42.     If A&A had performed under the Services Agreement, the Recycling Company employees would not have been able to steal Apple materials, or A&A would have known about

9

1   and alerted Apple immediately after the theft occurred—allowing Apple to immediately recover

2   the stolen materials or to put in place remediation processes.  Indeed, on one occasion when

3   Apple employees were present to oversee the recycling process, Apple's materials were

4   destroyed without any theft.  Moreover, if A&A had not affirmatively represented that the

5   company was overseeing the recycling process and following Apple security measures, Apple

6   would have immediately investigated the Recycling Company facilities and/or sent another

7   security firm to perform the work dictated by the Services Agreement.

8        43.    As a proximate result of A&A's conduct, Apple has suffered harm, including, for

9   example, paying for services it did not receive, the costs of Apple's investigation, and other

10  damages totaling millions of dollars in an exact amount to be established at trial.

11                           **CAUSE OF ACTION**

12                           **(Breach of Contract)**

13       44.    Apple incorporates by reference the allegations in Paragraphs 1 – 43 above as

14  though fully set forth herein.

15       45.    Apple and A&A entered into the Services Agreement on March 1, 2012 and

16  extended the term of the Services Agreement through various amendments through January 31,

17  2017.  Apple performed all, or substantially all, of its obligations under the Services Agreement

18  by submitting payment to A&A.

19       46.    The Services Agreement required A&A to send its employees to observe the

20  recycling process at the Recycling Company's facilities, to provide security escorts for transfer

21  of Apple materials, and to enforce Apple's other security measures designed to preserve Apple

22  materials, among other obligations.  A&A did not perform these or any of its obligations under

23  the Services Agreement.  As a result, A&A materially breached the Services Agreement.

24       47.    A&A's breach directly harmed Apple.  Apple put in place strict security measures

25  to prevent the theft of Apple materials.  Apple specifically hired A&A to ensure these security

26  measures were followed and to generally ensure the Recycling Company performed its duties

27  without issue.  Had A&A performed its obligations under the Services Agreement, A&A would

28  have caught or prevented the Recycling Company employees' theft.  As a direct and proximate

10

1  result of A&A's breach of the Services Agreement, Apple has incurred substantial costs,

2  including but not limited to the costs of its investigation and recovery of stolen materials,

3  attorney's fees, and expenses.

4  **DEMAND FOR RELIEF**

5      48.    WHEREFORE, Apple respectfully prays that this Court enter judgment against

6  Defendants as set forth below:

7      i.    For restitution to Apple of all sums paid to A&A pursuant to the Services

8          Agreement;

9      ii.    For damages in the amount according to proof at the time of trial;

10      iii.    For all of Apple's attorney's fees and costs of suit incurred herein;

11      iv.    For pre-judgment and post-judgment interest on all sums awarded; and

12      v.    For such further relief as this Court may deem just and proper.

13

14  Dated: November 15, 2019          LATHAM & WATKINS LLP

15                      By /s/ Melanie M. Blunschi
                           Melanie M. Blunschi (Bar No. 234264)
16                         Elizabeth C. Gettinger (Bar No. 307683)
                           505 Montgomery Street, Suite 2000
17                         San Francisco, California 94111-6538
                           Telephone: +1.415.391.0600
18                         Facsimile: +1.415.395.8095
                           *melanie.blunschi@lw.com*
19                         *elizabeth.gettinger@lw.com*

20                         *Attorneys for Plaintiff Apple Inc.*

21

22

23

24

25

26

27

28

11

# EXHIBIT D

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION**

# EXHIBIT E

1  LATHAM & WATKINS LLP
     Melanie M. Blunschi (Bar No. 234264)
2    Elizabeth C. Gettinger (Bar No. 307683)
   505 Montgomery Street, Suite 2000
3  San Francisco, California 94111-6538
   Telephone: +1.415.391.0600
4  Facsimile: +1.415.395.8095
   *melanie.blunschi@lw.com*
5  *elizabeth.gettinger@lw.com*

6  *Attorneys for Plaintiff Apple Inc.*

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10 | APPLE INC.,                          | CASE NO. 19CV358715
11 |                 Plaintiff,
12 |        v.                            | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO SEAL COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
13 | ALLAN & ASSOCIATES LIMITED, A2 GLOBAL RISK LIMITED, BRADLEY JAMES ALLAN, and DOES 1-100, inclusive,
14 |
15 |                 Defendants.          | Hearing Date: February 6, 2020
                                            Time: 9:00 a.m.
16                                          Dept.: 19
                                            Judge: Hon Peter Kirwan
17
                                            Date Action Filed: November 15, 2019
18                                          Date Complaint Filed: November 15, 2019

19                                          **DECLARATION OF PAUL PIAZZA FILED CONCURRENTLY HEREWITH**

20

21

22

23

24

25

26

27

28

1 | **TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

2 |     PLEASE TAKE NOTICE that on February 6, 2020 at 9:00 a.m., or as soon thereafter as

3 | the matter may be heard, in Department 19 of the Superior Court of California, Santa Clara

4 | County, 191 North First Street, San Jose, California, Plaintiff Apple Inc. ("Apple") will, and

5 | hereby does, move for an order to seal portions of the Complaint for Breach of Contract, filed on

6 | November 15, 2019.

7 |     This Motion is based on this Notice of Motion, the Memorandum of Points and

8 | Authorities in support hereof, the Declaration of Paul Piazza in support hereof, all other

9 | pleadings, records, and papers filed in this action, and any other evidence or argument as may be

10 | considered by the Court prior to its decision on the Motion.

11 | Dated: December 9, 2019

Respectfully submitted,

12 | LATHAM & WATKINS LLP

13 | By /s/ Melanie M. Blunschi
    Melanie M. Blunschi (Bar No. 234264)
    Elizabeth C. Gettinger (Bar No. 307683)
    505 Montgomery Street, Suite 2000
    San Francisco, California 94111-6538
    Telephone: +1.415.391.0600
    Facsimile: +1.415.395.8095
    melanie.blunschi@lw.com
    elizabeth.gettinger@lw.com

    *Attorneys for Plaintiff Apple Inc.*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Apple Inc. ("Apple") moves this Court for a narrowly tailored order seeking to seal certain portions of Plaintiff's Complaint for Breach of Contract ("Complaint"), filed on November 15, 2019. California law creates a rebuttable presumption that the public will have open access to civil court records. *See McNair v. NCAA*, 234 Cal. App. 4th 25, 31 (2015) (noting that the "presumption of openness can be overcome upon a proper showing"). This presumption may be overcome if: (1) There exists an overriding interest that overcomes the right of public access to the record; (2) the overriding interest supports sealing the record; (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest. *See* Cal. Rules of Court 2.550(d).

Apple seeks to seal limited portions of the Complaint because they contain, quote, or reflect Apple's confidential and commercially sensitive information. Specifically, the portions of the Complaint that Apple seeks to seal include information concerning (1) Apple's non-public commercial agreement with a vendor; (2) confidential and sensitive information about Apple's security strategies and procedures; and (3) identifying information about Apple's vendor that if disclosed would cause reputational harm.

*First*, the negotiated terms of Apple's Services Agreement with its security vendor, Allan & Associates Limited ("A&A"), constitute confidential, non-public commercial information, and their disclosure would cause Apple competitive harm. Public disclosure of the terms of Apple's agreement with its vendor would impede Apple's ability to negotiate with current and future vendors and remain competitive in the marketplace. *See* Decl. of Paul Piazza in Supp. of Mot. to Seal ("Piazza Decl.") ¶ 6. *Second*, information describing Apple's strategies and procedures for securing the recycling and destruction of its products are highly sensitive. Protection of this confidential and sensitive information is essential to preventing disruption of Apple's security procedures. *Id*. ¶ 7. Disclosure of Apple's security strategies would subject its materials to an increased risk of future theft, which could lead to fraudulent use and resale of Apple devices and products. *Id*. There is a compelling public interest in preventing such fraud. *Third*, Apple seeks

2

1 to seal information that would lead to the identification of its recycling vendor that is associated

2 with the theft of Apple's materials which is at issue in Apple's complaint. The vendor's

3 association with the conduct at issue is subject to a nondisclosure agreement. *Id.* ¶ 8. Additionally,

4 the recycling vendor has an overriding interest in maintaining its privacy and reputation, and Apple

5 has compelling business interest in ensuring that information Apple has agreed to maintain as

6 confidential is kept private. *Id.*

7    The protection of private and confidential business matters has been recognized as an

8 appropriate interest that justifies the sealing of records. *See, e.g., In re McAfee, Inc. S'holder Litig.,*

9 No. 1-10-CV-180413, slip op. at 3 (Santa Clara Cty. Super. Ct. Nov. 2, 2012) (granting motion to

10 seal "confidential business information"); *KNSD Channels 7/39 v. Superior Court,* 63 Cal. App.

11 4th 1200, 1203 (Ct. App. 1998) ("The common law right of access to judicial records is not

12 absolute, but 'must be reconciled with legitimate countervailing public or private interests . . . .'"

13 (citation omitted)). As such, courts routinely permit sealing of information, the disclosure of which

14 would impair a party's "ability to effectively compete in the marketplace." *Universal City Studios,*

15 *Inc. v. Superior Court,* 110 Cal. App. 4th 1273, 1286 (Ct. App. 2003). Similarly, courts have

16 found the protection of privacy and reputational interests to constitute compelling reasons to seal

17 material. *See, e.g., Overstock.com, Inc. v. Goldman Sachs Grp., Inc.,* 231 Cal. App. 4th 471, 505

18 (Ct. App. 2014) (noting party's "competitive advantage and reputational benefit from its 'strong

19 commitment to confidentiality' with respect to client identities and trade data"); *Travelers Indem.*

20 *Co. v. Excalibur Reinsurance Corp.,* No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *7 (D. Conn.

21 Aug. 5, 2013) (granting motion to seal "the identity of a non-party reinsurance broker whose

22 reputational interests would be affected by the public disclosure of its identity"). Protection of

23 such information is an "overriding interest [that] supports sealing" of records. *See McGuan v.*

24 *Endovascular Techs., Inc.,* 182 Cal. App. 4th 974, 988 (Ct. App. 2010) (granting motion to seal

25 information concerning company's procedures which would have "economic value to . . .

26 competitors" and "reveal the [defendant's] business methods and process"); *Icon-IP Pty Ltd. v.*

27 *Specialized Bicycle Components, Inc.,* No. 12-CV-03844-JST, 2015 WL 984121, at *6 (N.D. Cal.

28 Mar. 4, 2015) (finding "compelling reasons" to seal information where "disclosure would cause a

3

1    serious invasion of the privacy of a third party" which "outweigh[ed] the public's interest in the

2    disclosure of judicial records").

3         Apple's overriding interests will be prejudiced if portions of these documents are not

4    sealed.  *See* Piazza Decl. ¶¶ 6-8.  No less restrictive means exist to protect the confidential

5    information referenced in the Complaint.  Furthermore, Apple's proposed sealing is narrowly

6    tailored, because the public record would include a version of the Complaint with only select,

7    confidential portions redacted.  These are limited to the following:

8

9

10

11

12

13

| Page | Line(s) |
|------|---------|
| 2 | 8-9 |
| 4 | 20-22, 24-28 |
| 5 | 1-14 & 17-22 |
| 6 | 1, 3-7, 11-13 |
| 7 | 11, 18-19, 22-24 |
| 8 | 3, 5-6, 9-10, 14, 26-28 |
| 9 | 1-3 |

14         For these reasons, Apple respectfully requests that the Court grant its Motion to Seal the

15   Complaint.

16   Dated:  December 9, 2019              Respectfully submitted,

17                                        LATHAM & WATKINS LLP

18                                        By /s/ Melanie M. Blunschi
19                                           Melanie M. Blunschi (Bar No. 234264)
                                             Elizabeth C. Gettinger (Bar No. 307683)
20                                           505 Montgomery Street, Suite 2000
                                             San Francisco, California  94111-6538
21                                           Telephone: +1.415.391.0600
                                             Facsimile: +1.415.395.8095
22                                           *melanie.blunschi@lw.com*
                                             *elizabeth.gettinger@lw.com*
23
                                          *Attorneys for Plaintiff Apple Inc.*
24

25

26

27

28

# EXHIBIT F

1   LATHAM & WATKINS LLP
      Melanie M. Blunschi (Bar No. 234264)
2      Elizabeth C. Gettinger (Bar No. 307683)
    505 Montgomery Street, Suite 2000
3   San Francisco, California 94111-6538
    Telephone: +1.415.391.0600
4   Facsimile: +1.415.395.8095
    *melanie.blunschi@lw.com*
5   *elizabeth.gettinger@lw.com*

6   *Attorneys for Plaintiff Apple Inc.*

7

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 12/12/2019 3:40 PM
Reviewed By: System System
Case #19CV358715
Envelope: 3764364**

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SANTA CLARA

10  APPLE INC.,

                       Plaintiff,
11
        v.
12
    ALLAN & ASSOCIATES LIMITED, A2
13  GLOBAL RISK LIMITED, BRADLEY
    JAMES ALLAN, and DOES 1-100, inclusive,
14
                       Defendants.
15

CASE NO. 19CV358715

**NOTICE OF SERVICE OF SUMMONSES,
COMPLAINT AND MOTION TO SEAL ON
DEFENDANTS ALLAN & ASSOCIATES,
LIMITED, A2 GLOBAL RISK, LIMITED
AND BRADLEY JAMES ALLAN**

Date Action Filed: November 15, 2019

16

17

18

19

20

21

22

23

24

25

26

27

28

1    PLEASE TAKE NOTICE that defendants Allan & Associates, Limited, A2 Global Risk
2  Limited and Bradley James Allan were served with the following documents, in the above-
3  captioned matter:

4      1.      Santa Clara County Superior Court Alternative Dispute Resolution Information
5              Sheet;

6      2.      Civil Case Cover Sheet;

7      3.      Civil Law Suit Notice;

8      4.      Complaint for Breach of Contract – Redacted;

9      5.      Complaint for Breach of Contract – Unredacted;

10     6.      Summons;

11     7.      Plaintiff's Motion Notice of Motion and Motion to Seal Complaint;

12     8.      Declaration of Paul Piazza in Support of Plaintiff's Notice of Motion and Motion
13             to Seal Complaint; and

14     9.      [Proposed] Order Granting Motion to Seal Complaint

15  Defendant Allan & Associates, Limited was served on December 10, 2019.  A copy of the
16  Affirmation of Service, in accordance with the Rules of the High Court, Hong Kong is attached
17  Exhibit A.   Defendant A2 Global Risk, Limited was served on December 10, 2019.   A copy of
18  the Affirmation of Service, in accordance with the Rules of the High Court, Hong Kong is
19  attached as Exhibit B.  Defendant Bradley Allan James was served on December 11, 2019, in
20  accordance with the Rules of the High Court, Hong Kong, is attached as Exhibit C.

21

22  Dated:  December 12, 2019                    Respectfully submitted,

23                                              LATHAM & WATKINS LLP

24                                              By /s/ Melanie M. Blunschi
25                                                 Melanie M. Blunschi (Bar No. 234264)
                                                   Elizabeth C. Gettinger (Bar No. 307683)
26                                                 505 Montgomery Street, Suite 2000
                                                   San Francisco, California  94111-6538
27                                                 Telephone: +1.415.391.0600
                                                   Facsimile: +1.415.395.8095
28                                                 *melanie.blunschi@lw.com*

                                        1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*elizabeth.gettinger@lw.com*

*Attorneys for Plaintiff Apple Inc.*

2

# EXHIBIT A

## **AFFIRMATION OF SERVICE OF TAM KAI LUNG KAGA**

I, TAM KAI LUNG KAGA, of Latham & Watkins LLP, 18th Floor, One Exchange Square, 8 Connaught Place, Central, Hong Kong, do hereby solemnly, sincerely and truly affirm and say as follows:-

1.    I am over 18 year of age and am employed as an Operations Specialist of the Operations Department of Latham & Watkins LLP.

2.    I did on Tuesday, 10 December 2019 at about 12:55 pm, serve on Allan & Associates, Limited, the following documents (collectively **"the Documents"**) filed in the case *Apple, Inc. v. Allan & Associates, A2 Global Risk Limited, Bradley James Allan and Does 1-100, inclusive*, Case No. 19CV358715, Superior Court of California for the County of Santa Clara:

  a)   Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet

  b)   Civil Case Cover Sheet

  c)   Civil Law Suit Notice

  d)   Complaint for Breach of Contract – Redacted

  e)   Complaint for Breach of Contract - Unredacted

  f)   Summons

  g)   Plaintiff's Motion Notice of Motion and Motion to Seal Complaint

  h)   Declaration of Paul Piazza in Support of Plaintiff's Notice of Motion and Motion to Seal Complaint

  i)   [Proposed] Order Granting Motion to Seal Complaint

by leaving the Documents at the registered office of Allan & Associates, Limited at Room 1906, 19/F., Lee Garden One, 33 Hysan Avenue, Causeway, Hong Kong in accordance with the Rules of High Court, Hong Kong.

3.    And I solemnly and sincerely affirm that the contents of this Affirmation are true.

_____
**Tam Kai Lung Kaga**

AFFIRMED at  *5/F, ST GEORGES BUILDING, 2 ICE*
*House STREET, CENTRAL*                 Hong Kong
this    *11 ᵗʰ*   day of December 2019

Before me

Notary Public, Hong Kong

Chan Chung Yuen Selwyn
Notary Public
Hong Kong, SAR
**503, St. George's Building,**
**2 Ice House Street, Central, Hong Kong**
For the contents of this document,
the attesting Notary assumes no responsibility.



# EXHIBIT B

## AFFIRMATION OF SERVICE OF TAM KAI LUNG KAGA

I, TAM KAI LUNG KAGA, of Latham & Watkins LLP, 18th Floor, One Exchange Square, 8 Connaught Place, Central, Hong Kong, do hereby solemnly, sincerely and truly affirm and say as follows:-

1.     I am over 18 year of age and am employed as an Operations Specialist of the Operations Department of Latham & Watkins LLP.

2.     I did on Tuesday, 10 December 2019 at about 12:10 pm, serve on A2 Global Risk, Limited, the following documents (collectively "**the Documents**") filed in the case *Apple, Inc. v. Allan & Associates, A2 Global Risk Limited, Bradley James Allan and Does 1-100, inclusive*, Case No. 19CV358715, Superior Court of California for the County of Santa Clara:

   a)     Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet

   b)     Civil Case Cover Sheet

   c)     Civil Law Suit Notice

   d)     Complaint for Breach of Contract – Redacted

   e)     Complaint for Breach of Contract - Unredacted

   f)     Summons

   g)     Plaintiff's Motion Notice of Motion and Motion to Seal Complaint

   h)     Declaration of Paul Piazza in Support of Plaintiff's Notice of Motion and Motion to Seal Complaint

   i)     [Proposed] Order Granting Motion to Seal Complaint

by leaving the Documents at the registered office of A2 Global Risk, Limited at Suite 2004, 20/F., Tower 5, China Hong Kong City, 33 Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong in accordance with the Rules of High Court, Hong Kong.

3.     And I solemnly and sincerely affirm that the contents of this Affirmation are true.

_____

**Tam Kai Lung Kaga**

AFFIRMED at ~~House Street, Central~~ S/F, ST GEORGE'S BUILDING, 2 ICE House STREET, Central
this   11ᵗʰ   day of December 2019

Hong Kong

Before me

Notary Public Hong Kong

**Chan Chung Yuen Selwyn**
Notary Public
Hong Kong, SAR
**503, St. George's Building,**
**2 Ice House Street, Central, Hong Kong**
For the contents of this document,
the attesting Notary assumes no responsibility.



# EXHIBIT C

## AFFIRMATION OF SERVICE OF TAM KAI LUNG KAGA

I, TAM KAI LUNG KAGA, of Latham & Watkins LLP, 18th Floor, One Exchange Square, 8 Connaught Place, Central, Hong Kong, do hereby solemnly, sincerely and truly affirm and say as follows:-

1.     I am over 18 year of age and am employed as an Operations Specialist of the Operations Department of Latham & Watkins LLP.

2.     I did on Wednesday, 11 December 2019 at about 9:10 pm, personally serve on Bradley James Allan, the following documents (collectively "**the Documents**") filed in the case *Apple, Inc. v. Allan & Associates, A2 Global Risk Limited, Bradley James Allan and Does 1-100, inclusive*, Case No. 19CV358715, Superior Court of California for the County of Santa Clara:

   a)   Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet

   b)   Civil Case Cover Sheet

   c)   Civil Law Suit Notice

   d)   Complaint for Breach of Contract – Redacted

   e)   Complaint for Breach of Contract - Unredacted

   f)   Summons

   g)   Plaintiff's Motion Notice of Motion and Motion to Seal Complaint

   h)   Declaration of Paul Piazza in Support of Plaintiff's Notice of Motion and Motion to Seal Complaint

   i)   [Proposed] Order Granting Motion to Seal Complaint

   by delivering the Documents to Bradley James Allan at Flat A, 7/F., Cherish Court (Tower 2), Peninsula Village, Discovery Bay City, Lantau Island, New Territories, Hong Kong in accordance with the Rules of High Court, Hong Kong.

3.      And I solemnly and sincerely affirm that the contents of this Affirmation are true.

_____

**Tam Kai Lung Kaga**

AFFIRMED at 5/F ST George's buiⁿᵈᵍⁿᵍ, 2 ICE House Street, CONTROL                    Hong Kong
this   12ᵗʰ    day of December 2019

Before me

Notary Public, Hong Kong

Chan Chung Yuen Selwyn
Notary Public
Hong Kong, SAR
503, St. George's Building,
2 Ice House Street, Central, Hong Kong
For the contents of this document,
the attesting Notary assumes no responsibility.

