UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLAN & ASSOCIATES LIMITED, et al., <br><br> Defendants. | Case No. 5:19-cv-08372-EJD <br><br> **ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 14, 17 |

The parties in this breach of contract case have moved to file under seal filings that contain information that Plaintiff contends is confidential. Plaintiff has moved to file under seal portions of its complaint. Defendants, understanding that Plaintiff seeks to maintain the confidentiality of the allegedly breached contract, its security procedures, its recycling vendor's identify, and the names and emails of its employees, has moved to file under seal portions of exhibits attached to their motion to dismiss. The court denies both motions for the reasons discussed below.

U.S. courts recognize that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2019 WL 1590470, at *1 (S.D. Cal. Apr. 12, 2019) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "When considering a sealing request, 'a strong presumption in favor of access is the starting point.'" *Space Data Corp. v. Alphabet Inc.*, 2019 WL 2305278, at *1 (N.D. Cal. May 30, 2019) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). This right is not absolute though. *Whitewater W. Indus.*, 2019 WL 1590470, at *1 (quoting *Nixon*, 435 U.S. at 598). In order to seal judicial records that are "more than tangentially related to the underlying cause of action," the moving party must show "compelling reasons" that outweigh the presumption in favor of disclosure. *Space Data*, 2019 WL 2305278, at *1 (citing *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016)). "Records attached to motions that are 'not related, or only tangentially related, to the merits of a

Case No.: 5:19-cv-08372-EJD
ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
1

case' . . . are not subject to the strong presumption of access." *Id.* (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099). "[T]he public has less of a need for access" to such documents. *Kamakana*, 447 F.3d at 1179.

To meet the compelling reasons standard, the moving party must provide "specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Opperman v. Path, Inc.*, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not carry the compelling standards burden. *Space Data*, 2019 WL 2305278, at *1 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "There fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (quoting *Kamakana*, 447 F.3d at 1179). Mere designation of a document as confidential under a protective order is not sufficient to establish that said document, or portions thereof, are sealable. Civil L.R. 79-5(d)(1)(A).

All of the material that Plaintiff seeks to maintain under seal is more than tangentially related to the underlying merits of the case; the court will apply the compelling reasons standard. The court finds that Plaintiff has not provided sufficient "specific factual findings" that outweigh the presumption in favor of access as to the contract terms, the security procedures, and the employee information. Rather, the declarations filed by Plaintiff contain mere generalized allegations of harm, not specific factual findings for each particular portion sought to be sealed. The court further finds that Plaintiff has not shown compelling reasons that favor sealing the identity of its recycling vendor because that information is already public. Dkt. No. 17 at 3.

Both motions to file under seal are denied.

**IT IS SO ORDERED.**

Dated: January 23, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-08372-EJD
ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL
2